IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KANDANCE WELLS,

    Plaintiff,

vs.                                              CIVIL ACTION NO. 2:22-CV-00323

STATE OF WEST VIRGINIA,
c/o West Virginia State Attorney General,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the "Initial Complaint"[1] (ECF No. 2), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[2]

---

[1] On August 5, 2022, Plaintiff filed a complaint (ECF No. 2), however, after review of same, on August 9, 2022, the undersigned issued an order directing Plaintiff to amend her complaint no later than September 9, 2022, because she failed to state sufficient facts supporting a claim for relief. (ECF No. 4) On August 15, 2022, Plaintiff filed her "Response: Order" and a "Brief in Memorandum" in support of her response to the Court's Order. (ECF Nos. 5, 6) Because Plaintiff asks the Court to appoint her counsel in her "Brief in Memorandum", the undersigned construed same as motion or request for appointed counsel; however, for the reasons set forth herein, the Court denies Plaintiff's request.

[2] Because Plaintiff is proceeding *pro se*, the documents she filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

1

**Plaintiff's Allegations**

In her "Initial Complaint", Plaintiff names only the "State of West Virginia" as Defendant and alleges the following:

> [T]he use of mass discrimination for the purposes of human tracking, harassment, and the evasion of lawsuits on behalf of the defendant, State of West Virginia. Plaintiff states that as a legal resident of the State of West Virginia that she has been discriminated against based on blatant negligence within the federal courts of the State of West Virginia. Lack of action on behalf of the state when considering complaints made by plaintiff within the jurisdictions of the State of West Virginia resulted in mass discrimination, public harassment, and human tracking resulting in what plaintiff considers fraudulent action on behalf of the state. Plaintiff makes such complaints under duress with stated claims of fraudulent action being in regard to mass discrimination on behalf of defendant. Plaintiff makes such civil claims as precautionary measures when in regard to her personal safety, and as a result makes monetary demands of punitive damages in the amount of $19,000,000.00, as a deterrent in further action on behalf of defendant in such case, and against plaintiff, as stated.

(ECF No. 2) In response to the Court's Order to amend her initial complaint, Plaintiff emphasized that she has stated a claim for relief, and "without rights to civil procedure has no access to 'supporting facts', as these 'facts' would be provided by defendant during deposition and pre-trial hearings." (ECF No. 5 at 1) Plaintiff asserts that "courts are not sanctioned to bear direct witness on behalf of the defendant leaving defendant without grounds for response, and under the terms of default judgement in such case." (Id.) Plaintiff "seeks the use of court procedure in consideration of civil disputes while making claims of Constitutional violations on behalf of the defendant, ergo substantiating sufficient evidence in accessing discovery through federal procedure leaving plaintiff the burden of proof." (Id. at 2) "Plaintiff states that the courts have relieved defendant of burden of demands for discovery of supporting 'facts.' " (Id.) Plaintiff demands $21,000,000.00 "in findings of coercive, threatening, and/or further embarrassing supporting facts of stated allegations." (Id.)

**The Standard of Review**

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, her complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

**Discussion**

As noted *supra*, in keeping with his practice to offer a *pro se* plaintiff an opportunity to file an amended complaint when an initial complaint fails to state any cognizable claim for relief, the undersigned directed Plaintiff to file an amended complaint. Although Plaintiff filed a response, she nevertheless still failed to supply any facts supporting any cognizable claim for relief. Plaintiff also failed to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
>> (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
>> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's complaint(s) is not in compliance with Rule 8(a) for failing to allege sufficient facts and circumstances showing that she is entitled to relief. Liberally construing Plaintiff's allegations indicates that she is aggrieved by many things, but she provides no context as to who, what, when or how the State of West Virginia committed the alleged misconduct.

Plaintiff only provides "naked assertion[s]" for her claims which are verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570.

In short, from the undersigned's review, Plaintiff's allegations are "disconnected, rambling, and largely incoherent." See <u>Kraim v. Virginia</u>, No. 3:21-cv-00326, 2021 WL 3612305, at*2 (S.D.W. Va. Jul. 26, 2021) (Eifert, M.J.) (quoting <u>Von Fox v. U.S. State Department</u>, No. 2:16-cv-185-RMG-MGB, 2016 WL 11409536, at *4 (D.S.C. Feb. 16, 2016) ("The Complaint's allegations are, at best, difficult to follow. The Complaint's allegations are disconnected and nonsensical and appear to be the ramblings of a troubled mind."). Since Plaintiff's complaint lacks any basis in fact and law, the undersigned finds and concludes that this matter should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), **DISMISS** Plaintiff's "Initial Complaint" (ECF No. 2) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: September 13, 2022.



Omar J. Aboulhosn
United States Magistrate Judge