IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KANDANCE WELLS,

          Plaintiff,

v.                                            CIVIL ACTION NO.  2:22-cv-00323

STATE OF WEST VIRGINIA,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Plaintiff initiated this action with a pro-se *Initial Complaint* (Document 2) filed on August 5, 2022.  By *Administrative Order* (Document 3), the matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636.  Magistrate Judge Aboulhosn submitted his *Proposed Findings and Recommendation* (PF&R) (Document 7) on September 13, 2022, wherein he recommends that the Court deny the Plaintiff's Application to Proceed in Forma Pauperis (Document 1), dismiss her complaint, and remove the matter from the Court's docket.  The Plaintiff filed timely objections, entitled *Response to Suggestions and Recommendations Objections to Motion for Dismissal* (Document 8), on September 20, 2022.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition,

this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and her pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

The Plaintiff, Kandace Wells, "alleges the use of mass discrimination for the purposes of human tracking, harassment, and the evasion of lawsuits on behalf of the defendant, State of West Virginia." (Compl. at 1.) She alleges that she has been discriminated against within federal courts and that the State of West Virginia has failed to take action in response to her complaints. She requests punitive damages in the amount of $19,000,000.00.

The PF&R recommends dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), finding that her complaint is frivolous and fails to state a claim for relief. After an opportunity to amend, the Plaintiff still failed to plead any facts supporting any cognizable claim for relief. Therefore, Judge Aboulhosn found that although the Plaintiff "indicates that she is aggrieved by many things…she provides no context as to who, what, when, or how the State of West Virginia committed the alleged misconduct." (PF&R at 4.)

In her objections, the Plaintiff "responds to the courts suggestions for dismissal of her case by alleging discriminatory action(s) on behalf of the courts." (Obj. at 1.) She points to previous claims she has filed that were also dismissed, arguing that the immediate dismissal of her various claims evidences discrimination and violation of due process. She suggests that the Court should appoint counsel if it is unable to understand her claims and render relief.

None of the Plaintiff's filings contain specific factual allegations that state a cognizable legal claim. The Court does not find appointment of counsel warranted, given the absence of any facts supporting a legal cause of action. Even after an opportunity to amend and the issuance of a PF&R detailing the applicable pleading standard, the Plaintiff's objections continue to consist only of accusations of bias, discrimination, or other mistreatment absent any specific factual allegations. Thus, the Court finds that the PF&R properly recommended dismissal.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Proposed Findings and Recommendation* (Document 7) be **ADOPTED**, that the Plaintiff's *Response to Suggestions and Recommendations Objections to Motion for Dismissal* (Document 8) be **DENIED**, that the Plaintiff's *Initial Complaint* (Document 2) be **DISMISSED,** and that the *Application to Proceed Without Prepayment of Fees and Costs* (Document 1) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 25, 2022

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA